# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD PARKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07-1200 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is now before the Court on Petitioner, Richard Parker's ("Parker"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and the Government's Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss [#5] is GRANTED, and Parker's § 2255 Motion [#1] is DENIED.

### BACKGROUND

On August 17, 2001, Parker entered an intent to plead guilty pursuant to a written plea agreement to charges of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (Count 1 in Case No. 00-10023), conspiracy to commit money laundering in violation of 18 U.S.C. § 1956 (Count 11 in Case no. 00-10023), and possession of a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 4 in Case No. 01-10031) in the United States District Court for the Central District of Illinois. His plea of guilty was accepted on August 31, 2001. On February 7, 2002, Parker was sentenced to concurrent terms of 247 months' imprisonment on Counts I and II, to be served consecutively to a 60 month sentence on Count IV. His sentence was subsequently reduced to 129 months' incarceration pursuant to Rule 35.

Although he waived his right to appeal and pursue collateral relief pursuant to § 2255 in ¶ 15 of the written plea agreement, Parker has now filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his Motion, Parker attempts to collaterally attack his conviction based on the assertion that federal courts lacked jurisdiction to hear his case because only the State of Illinois has jurisdiction to hear drug cases. This Order follows.

## Discussion

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S. Ct. 205 (1995).

I.   Untimeliness

There are statutory time limits which govern whether a district court can entertain a collateral attack on a federal sentence. The present case is covered by 28 U.S.C. § 2255, which states in relevant part:

> A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of

>the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the present case, Parker alleges that he is entitled to relief because the Court lacked jurisdiction over his criminal case. He makes no assertion that he was unable to discover his claims, that there is any newly recognized federal right made retroactively applicable to cases on collateral review, or that he was prevented from filing. Thus, this case does not involve the application of sub-sections (2), (3), or (4) above.

In the present case, Parker's direct attack on his conviction became final no later than 2002. However, he did not submit his § 2255 until 2007, more than four years after his period of limitations expired. In other words, the more than four years that elapsed between the date his Judgment became final and the submission of his motion exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a motion under § 2255. Therefore, his Motion must be dismissed as untimely.

2.   <u>Waiver</u>

Parker would also appear to be barred from bringing this § 2255 motion by virtue of the fact that his plea agreement contains a waiver of his right to bring a collateral attack on his sentence.  Parker makes no attempt to avoid the impact of this waiver by asking the Court to vacate his guilty plea and does not present any evidence or argument indicating that but for the ineffective assistance of counsel, he would not have entered into the plea agreement.  Perhaps this is because he believes that the plea bargain's advantages outweigh its disadvantages.  In any event, so long as the plea agreement stands, the waiver of the right to appeal or pursue collateral relief must generally be enforced.  <u>Id.</u>, *citing* <u>United States v. Wagner</u>, 103 F.3d 551 (7th Cir. 1996); <u>Jones v. United States</u>, 167 F.3d 1142, 1144 (7th Cir. 1999); <u>United States v. Nelson</u>, 124 F.3d 206, 1997 WL 374712, at *1 (7th Cir. July 1, 1997).

However, this circuit has recognized that the right to pursue a collateral attack pursuant to § 2255 survives "with respect to those discrete claims which relate directly to the negotiation of the waiver." <u>Jones</u>, 167 F.3d at 1144-45.  Accordingly, while Parker does not contend that he received ineffective assistance of counsel in connection with the negotiation of the waiver, the Court will address his claim to the extent necessary to determine whether the negotiation of the various waiver provisions is implicated.

The seminal case on ineffective assistance of counsel is <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  In <u>Strickland</u>, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness."  <u>Strickland</u>, 466 U.S. at 687-88.  A prisoner must also prove

that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690.

To satisfy Strickland's prejudice prong in this case, Petitioner must demonstrate through objective evidence a reasonable probability that, but for counsel's purportedly erroneous advice, he would not have entered the guilty plea and would have insisted upon going to trial. United States v. Woolley, 123 F.3d 627, 635 (7th Cir. 1997). "It is far from obvious how a petitioner is expected to make such a showing, but it is clear that 'merely making such an allegation is insufficient.'" United States v. Ryan, 986 F.Supp. 509, 513 (N.D.Ill. 1997), *citing* Key, 806 F.2d at 139; *see also* McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir. 1996) (requiring that the petitioner establish through objective evidence that he would not have accepted the plea).

Here, there are no factual assertions to the effect that Parker's attorney rendered ineffective assistance in negotiating his plea agreement. Parker does not argue that but for the purportedly misleading advice of counsel, he would have rejected the plea offer and insisted on going to trial and does not ask to set aside his plea agreement. The Court would normally review the transcript of his plea hearing concerning the detailed discussion of the maximum sentence he could face depending on the nature of any past criminal conduct and the explanation of the waiver provision and its consequences that he received during the plea colloquy. However, as Parker makes no reference to his plea agreement, much less any assertion that his plea was not knowing or voluntary or that the waiver was

not voluntarily entered into as the result of ineffective assistance of counsel, there is no need to review the transcript of his change of plea for evidence regarding claims that do not exist.

Parker has failed to demonstrate that ineffective assistance of counsel negated the knowing or voluntary nature of his plea or the waiver itself, that the waiver was a product of coercion, or that the trial court relied on some constitutionally impermissible factor, such as race, in imposing sentence. Accordingly, the Court now holds that Parker's waiver of his right to pursue collateral relief was both knowing and voluntary and operates to bar him from pursuing further habeas corpus relief, and this § 2255 Motion is therefore frivolous. *See* United States v. Richardson, 1998 WL 388590, at *3 (E.D.La. July 9, 1998) (finding that defendant's claims under § 2255 that his plea was involuntary and that the government had not met its burden of proving he possessed crack cocaine were barred by a valid waiver in his plea agreement); Mason v. United States, 211 F.3d 1065 (7th Cir. 2000).

## CONCLUSION

For the reasons set forth herein, the Court cannot find that there has been any credible showing that but for the alleged unprofessional errors of counsel, there is any reasonable probability that the result of this proceeding would have been different, as there is no suggestion that Parker knowingly, intelligently, and voluntarily waived his right to bring both an appeal and collateral attack on his conviction and sentence. Accordingly, the Government's Motion to Dismiss [#5] is GRANTED, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED for lack of jurisdiction as time barred and as barred by a valid waiver of his right to bring a collateral attack. This matter is now terminated.

ENTERED this 28th day of January, 2008.

                                          <u>s/ Michael M. Mihm</u>
                                          Michael M. Mihm
                                            United States District Judge